86 F.3d 1179
 18 ITRD 1608
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fag Kugelfischer Georg SCHAFER KGaA, Fag Cuscinetti S.p.A.,
Fag (U.K.) Ltd., Barden Corporation (U.K.) Ltd.,
Fag Bearings Corporation and The Barden
Corporation, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee,
and
The Torrington Company, Defendant-Appellee,
and
Federal-Mogul Corporation, Defendant.
 No. 96-1074.
 United States Court of Appeals, Federal Circuit.
 May 20, 1996.
 
 Before RICH, PLAGER, and CLEVENGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 FAG Kugelfischer George Schafer KGaA ("appellant") appeals the decision of the United States Court of International Trade,[1] which affirmed the Department of Commerce's Redetermination on Remand concerning the final results of Commerce's second administrative review in Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et al.; Final Results of Antidumping Duty Administrative Reviews ("Final Results"), 57 Fed.Reg. 28,360 (Dep't Comm.1992). Appellant challenges Commerce's methodology for determining the antidumping duties due on subject goods entered during the period of review. We find that this methodology is permissible under the antidumping statute and therefore affirm.
 
 
 2
 Briefly, to determine dumping duties owed for the period of review in question, Commerce totaled the dumping margins (i.e., the dollar differences between foreign market value and United States price) on sales within a six-week sample period, divided that figure by the total entered value for the goods sold, and applied the resulting percentage assessment rate to all entries during the period of review. See 19 U.S.C. § 1675(a)(2) (1994) (requiring Commerce in administrative review to determine dumping margins and duties for entries during review period). Essentially Commerce assumes that the rate of dumping reflected in its sample sales characterizes the sales of all goods entered during the review period.
 
 
 3
 Appellant asserts that Commerce's approach contravenes 19 U.S.C. § 1673e(a)(1), which provides that Commerce "shall publish an antidumping duty order which ... directs customs officers to assess an antidumping duty equal to the amount by which the foreign market value of the merchandise exceeds the United States price of the merchandise.... " 19 U.S.C. § 1673e(a)(1) (1994). According to appellant, that section requires that Commerce collect precisely that dollar figure equal to the sum of the dumping margins on all sales within the period of review (the "TOTPUDD," or total potential uncollected dumping duties), and that the only way for Commerce to achieve this is to annualize the total dumping margin for the six-week sample of sales. Commerce's failure to do so, argues appellant, results in Commerce systematically under- or over-collecting duties, in clear contravention of the statute.
 
 
 4
 Appellant's argument proceeds from a misreading of section 1673e(a)(1). That section does not prohibit any particular methodology for calculating the antidumping duties owed for a given administrative review period. Nor does it address the methodological problems, acknowledged by both parties, in calculating the proper duties on review-period entries whose United States price is calculated as the exporter's sales price ("ESP"). Section 1673e(a)(1) merely tells Commerce the statutory end it must seek (imposition of dumping duties as per the dumping margin); it does not specify which means to that end is proper or improper, and certainly does not bar Commerce's approach in this case.
 
 
 5
 Although appellant implies that its method captures the exact amount of duties owed on entries during the review period, as appellant admits there is simply no way to know in the case of ESP sales whether the sales used to calculate dumping margins in a given review period correspond to entries during that review period. Therefore there is no way to know whether appellant's method of annualizing the margin produced by Commerce's sampling achieves or approximates the total actual dumping occurring on sales in the review period.
 
 
 6
 Appellant contends that even if not expressly prohibited by the statute, the methodology employed by Commerce is unreasonable and invalid because, unlike appellant's own formula it does not use the "best information available," i.e., the actual total entered value of appellant's entries during the review period, and, it is argued, the results produced by using that method will differ substantially from the actual TOTPUDD. Appellant's data on total entered value does not correct the shortcomings inherent in determining dumping margins from ESP sales, however, and total entered value is only a variable in appellant's, not in Commerce's, methodology. Moreover, both approaches clearly involve certain assumptions about the extent of overall dumping during the review period and are only approximations of the duties owed.
 
 
 7
 The question is not, however, whether there are better ways to go about doing what Commerce did in determining the dumping margin, but whether Commerce's methodology is so irrational and lacking in sense that it is "otherwise not in accordance with law" for Commerce to determine appellant's liability in that manner. 19 U.S.C. § 1516a(b)(1)(B)(i) (1994). The Court of International Trade initially remanded this matter to Commerce to consider whether its methodology was appropriate given the information supplied by appellant. When Commerce explained its continued use of its approach, the Court of International Trade considered Commerce's input and appellant's objections and concluded that Commerce's approach was not unlawful in this case. We find no error in that conclusion, and the judgment of the Court of International Trade is affirmed.
 
 
 
 [1]
 FAG Kugelfischer Georg Schafer v. United States, 17 I.T.R.D. (BNA) 2268 (Ct. Int'l Trade 1995)