86 F.3d 1174
 18 ITRD 1608
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
EVERFLORA MIAMI, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-1413.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
June 14, 1996.
 
 Before ARCHER, Chief Judge, LOURIE and SCHALL, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Everflora Miami, Inc. appeals from the decision of the United States Court of International Trade dismissing its action for lack of jurisdiction as to all entries except one and denying summary judgment as to that entry. Everflora Miami, Inc. v. United States, No. 94-07-00401 (CIT Apr. 4, 1995). Because the court did not err in its decision, we affirm.
 
 DISCUSSION
 
 2
 Everflora is an importer of flowers from Central and South America to the United States. In 1989, Everflora filed entries in Miami, Florida for cut flowers. In 1992, the entries were liquidated, and Customs, not knowing the identity of the grower or shipper, imposed the highest rate of duty. In 1993, Everflora filed four protests covering fifty-eight entries, identifying the grower/shipper and requesting reliquidation of the entries at a lower duty. Approximately fifteen months later, Customs reliquidated sixteen entries with refunds and denied refunds on the remaining entries on the ground that protests for them had been untimely filed. On July 25, 1994, Everflora filed a complaint with the Court of International Trade, challenging these actions. The government then filed a motion to sever one protest, which apparently had been timely filed, and to dismiss the remaining protests, alleging that they were untimely filed and that therefore the court lacked jurisdiction. Everflora filed a cross-motion for summary judgment, alleging that there were no material facts in dispute concerning the timely filed protest and that it was entitled to judgment.
 
 
 3
 The court determined that it did not have jurisdiction over the untimely filed protests under 28 U.S.C. § 1581(a). The court concluded that Everflora's disputed protests were time-barred under 19 U.S.C. § 1514 because they were not filed within ninety days after the dates of liquidation. The court alternatively treated the untimely protests as timely requests for reliquidation under 19 U.S.C. § 1520(c)(1). However, the court determined that it lacked jurisdiction because Everflora failed to file a new protest of Customs' refusal to reliquidate the disputed entries. Therefore, the court granted the government's motion for summary judgment. The court denied Everflora's cross-motion for summary judgment, stating that material facts were in dispute. Everflora now appeals.
 
 
 4
 We review de novo whether the Court of International Trade had jurisdiction. Guess? Inc. v. United States, 944 F.2d 855, 857 (Fed.Cir.1991).
 
 
 5
 Everflora argues that the court had jurisdiction over the denial of the protests under 28 U.S.C. § 1581(a) and that Customs' fifteen month delay in denying its protests caused Everflora to fail to meet the statutory deadline. The government responds that the court correctly dismissed the action because Everflora's protests were untimely filed and because Everflora did not protest Customs' refusal to reliquidate the entries.
 
 
 6
 We agree with the government. Everflora's protests for the disputed entries were not filed within ninety days of liquidation, as required under 19 U.S.C. § 1514(c)(3), and the court therefore did not have before it an action contesting the denial of a timely-filed protest, as required by 28 U.S.C. § 1581(a); it thus lacked jurisdiction over the denial of the protests. Even assuming that the protests are construed as timely filed requests for reliquidation, section 1514(a) provides that a refusal to reliquidate is final and conclusive unless protested by the importer. Everflora failed to protest Customs' refusal to reliquidate and therefore the court properly found that it did not have jurisdiction for that reason. Customs' delay in refusing to reliquidate is irrelevant; Everflora's problem is its failure to have protested the denials of its requests for reliquidation.
 
 
 7
 Everflora also challenges the court's denial of its cross-motion for summary judgment concerning the timely filed protest. In denying Everflora's cross-motion, the court stated that the government disputed the critical facts at issue and that Everflora submitted no affidavits, deposition transcripts, or admissions to support its bare assertion that no material facts were in dispute. Everflora argues that affidavits were not required to prove that there were no material facts in dispute.
 
 
 8
 We do not address this argument. The denial of summary judgment is an interlocutory order and, not having been certified in this case, it is not a final decision subject to appellate review. See 28 U.S.C. §§ 1292(d)(1), 1295(a)(5) (1994); Syntex Pharmaceuticals Int'l, Ltd. v. K-Line Pharmaceuticals, Ltd., 905 F.2d 1525, 1526 (Fed.Cir.1990).